**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VICKIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19 cv 04985 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | Hon. Robert W. Gettleman |
| | ) | |
| Defendant. | ) | Magistrate Jeffrey Cole |

**THIRD AMENDED COMPLAINT**

NOW COMES the Plaintiff, VICKIE JOHNSON, and complains against the Defendant, CHICAGO TRANSIT AUTHORITY, as follows:

1. This is a proceeding for declaratory and injunctive relief and damages to redress the deprivation of Plaintiff's civil rights under 42 U.S.C. §12101 et seq.

**JURISDICTION AND VENUE**

2. Jurisdiction of this court is invoked pursuant to Title VII, 42 U.S.C. §2000e-5 and 42 U.S.C. §12101 et seq. as well as 28 U.S.C. §§1337 and 1343.

3. Defendant further constitutes an "employer" based on its engagement in an industry affecting commerce and its employment of fifteen (15) or more employees for each workup day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

4. Prior to filing this civil action, the named Plaintiff timely filed written charges under oath asserting employment discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a Notice of Right to Sue. A copy of the Charge of Discrimination marked Exhibit A is attached hereto. A copy of the Notice

of Right to Sue marked Exhibit "B" is also attached hereto.

5. Plaintiff timely filed her action in federal court.

6. The unlawful employment practices stated herein were, in part, committed within the Northern District of Illinois. Accordingly, venue thus lies within this judicial district under 28 U.S.C. §1391(b). Venue further lies within this judicial district under 28 U.S.C. §1391[c], since the Chicago Transit Authority does business in this judicial district.

## THE PARTIES

7. Plaintiff, VICKIE JOHNSON, is a resident of the City of Chicago, Cook County, Illinois.

8. Defendant CHICAGO TRANSIT AUTHORITY (hereinafter, "CTA") is a corporation incorporated in the State of Illinois, with its principal place of business in this District in the City of Chicago, doing business within the Northern District of Illinois in the City of Chicago, State of Illinois, and was plaintiff's employer during the relevant period giving rise to this cause of action.

## ALLEGATIONS

9. The named Plaintiff, VICKIE JOHNSON, is asserting claims for discrimination on the basis of disability, overactive bladder, in violation of Americans with Disabilities Act of 1990 and terminated wrongfully and on the pretext of an unidentified customer's spurious complaint that she had a bottle of water in hand while driving the bus allegedly for ten (10) minutes.

10. Plaintiff is a minority, and, therefore, belongs to a protected group. She has always

performed her job satisfactorily and performed her job satisfactorily during her employment with CTA.

11. CTA has engaged in a pattern and practice of discrimination and retaliation. Furthermore, CTA has engaged in a practice of intimidation and retaliation which, on information and belief, has had the effect of making additional people more reluctant to come forward with complaints.

12. The working conditions of the Plaintiff at CTA are permeated with discriminatory intimidation, ridicule and insult which have changed the conditions of Plaintiff's employment and created an abusive and hostile work environment for the Plaintiff.

13. Plaintiff has been employed as a full-time Bus Operator with the Defendant from August 30, 2004 until July 19, 2018

14. Plaintiff has at all times performed her job duties as a Bus Operator in a satisfactory manner.

15. All of Plaintiff's bi-annual evaluations with the Defendant from August 30, 2004 to the date of termination have been satisfactory.

16. Plaintiff was discriminated against because of her disability in violation of Americans with Disabilities Act of 1990.

17. Plaintiff was denied the same terms and conditions afforded to her co-workers who were similarly situated as herself.

18. Defendant stated that on July 13, 2018, an unidentified customer allegedly made a complaint that Plaintiff had a bottle of water in her hand while driving the bus for ten (10) minutes.

19. On July 19, 2018, Jannie Tyler, CTA Transportation Manager, advised Plaintiff that

she was in violation of CTA safety violations and took her out of service.

20. On July 26, 2018, Chereda Hudson, Manager of Kedzie Garage, made a recommendation to Anthony Betts, the Senior Manager of Kedzie Garage, for discharge.

21. Dwayne Jones, Local 241 Executive Board Member, requested that Plaintiff should be suspended in lieu of discharge.

22. CTA has always advised the bus operators to stay hydrated and this advise was reiterated in the literature given by CTA to bus operators.

23. CTA gave bottles of water to all employees to stay hydrated due to the extremely hot weather conditions during the summer months.

24. On July 13, 2018, the weather was extremely hot up to 93 degrees outside and near 100 degrees in the driver's compartment due to the opening and closing of the front door for the entering and exiting passengers, thus bringing in hot air into the driver's compartment from the outside.

25. Plaintiff inadvertently picked up CTA's issued water bottle and held it against her neck for a second while she was in a stop and go traffic.

26. As a result of doing so, Plaintiff did not have any actual accident nor was her conduct reckless, willfully or grossly negligent.

27. On August 9, 2018 and, without justification, CTA terminated Plaintiff's employment.

28. Prior to being terminated, CTA was aware of Plaintiff's disability of overactive bladder condition.

29. On February 7, 2018, M. Delos Santos, MD, had diagnosed Plaintiff as having an overactive bladder and that she should have frequent bathroom privileges.

30. On February 19, 2018, Plaintiff submitted a written request to CTA for an accommodation of her overactive bladder and the need to use the bathroom frequently.

31. Plaintiff asked for an accommodation of more time of about five minutes so that she could use the restroom at the end of the line and avoid being charged for lateness.

32. Plaintiff did not ask for a different job and did not ask to be transferred to a Bus Servicer position.

33. Instead, CTA compelled Plaintiff to be accommodated in a different position, with a lower seniority and a lower pay.

34. Plaintiff declined to accept the Bus Servicer position because she did not request for such a transfer or a new position and, more so, it would have resulted in a decrease in pay for the Plaintiff, a downward change in her seniority at work and an economic hardship to her.

35. Plaintiff believes that she was discriminated against because of her disability, overactive bladder, in violation of Americans with Disabilities Act of 1990. She was terminated wrongfully and on the pretext of an unidentified customer's spurious complaint that she had a bottle of water in hand while driving the bus allegedly for ten (10) minutes.

**COUNT I**
**DISCRIMINATION ON BASIS OF DISABILITY**

36. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 9-35 of the Complaint.

37. The Plaintiff, VICKIE JOHNSON, has been subjected to different treatment on the

basis of her disability, overactive bladder.

38. The claim is brought under 42 U.S.C. §12101 et seq.

39. Plaintiff has been employed as a full-time Bus Operator with CTA from August 30, 2004 until July 19, 2018

40. Plaintiff has at all times performed her job duties as a Bus Operator in a satisfactory manner.

41. All of Plaintiff's bi-annual evaluations with the Defendant from August 30, 2004 to the date of termination have been satisfactory.

42. Plaintiff was discriminated against because of her disability in violation of Americans with Disabilities Act of 1990.

43. Plaintiff asked for an accommodation of more time of about five minutes so that she can use the restroom at the end of the line and avoid being charged for lateness.

44. Plaintiff did not ask for a different job and did not ask to be transferred to a Bus Servicer position.

45. Instead, CTA compelled Plaintiff to be accommodated in a different position, with a lower seniority and a lower pay.

46. Plaintiff declined to accept the Bus Servicer position because she did not request for such a transfer or a new position and, more so, it would have resulted in a decrease in pay for the Plaintiff, a downward change in her seniority at work and an economic hardship to her.

47. Plaintiff believes that she was discriminated against because of her disability in violation of American with Disability Act of 1990. She was terminated by the Respondent on the pretext that she refused to take another lower position CTA

offered her which she did not ask for, and, also, on the pretext of an unidentified customer's spurious complaint that she had a bottle of water in hand while driving the bus allegedly for ten (10) minutes.

48. All of the foregoing discriminatory conduct occurred and were suffered by the Plaintiff solely because of her disability, overactive bladder.

WHEREFORE, for the foregoing reasons, the Plaintiff, VICIKE JOHNSON, respectfully requests that ther court provide the following equitable and monetary relief:

a. Order a permanent injunction prohibiting the Defendant, CHICAGO TRANSIT AUTHORITY, from further acts of discrimination;

b. Order the Defendant to reinstate Plaintiff to her employment;

c. Award front pay, back pay, future earnings and reimbursement for income and fringe benefits to the present with applicable statutory interest;

d. Award the costs of litigation including reasonable attorneys' fees and opinion witness fees and expenses;

e. Award judgment for compensatory damages;

f. Award punitive damages;

g. Enter an order requiring the Defendant to implement effective steps to eliminate and remediate disability discrimination from the Defendant's organization;

h. Grant such other relief as the Court deems equitable and just.

**COUNT II**
**WRONGFUL TERMINATION**

36. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 9-35 of the Complaint.

37. Defendant terminated the Plaintiff without any justification but on the spurious complaint of a passenger that Plaintiff had a bottle of water in her hand while driving the bus for ten (10) minutes.

38. Plaintiff did not have any actual accident nor was her conduct reckless, willfully or grossly negligent.

39. As a result of doing so, Plaintiff did not violate Respondent's General Rules 7(a, b, c), 14, and 24 or Bus System Rules B4, 4.1 and B4.6.

40. On July 19, 2018, Jannie Tyler, CTA Transportation Manager, advised Plaintiff that she was in violation of CTA safety violations and took her out of service.

41. On July 26, 2018, Chereda Hudson, Manager of Kedzie Garage, made a recommendation to Anthony Betts, the Senior Manager of Kedzie Garage, for discharge.

42. Dwayne Jones, Local 241 Executive Board Member, requested that Plaintiff should be suspended in lieu of discharge.

43. CTA has always advised the bus operators to stay hydrated and this advise was reiterated in the literature given by CTA to bus operators.

44. CTA gave bottles of water to all employees to stay hydrated due to the extremely hot weather conditions during the summer months.

45. On July 13, 2018, the weather was extremely hot up to 93 degrees outside and near 100 degrees in the driver's compartment due to the opening and closing of the front door for the entering and exiting passengers, thus bringing in hot air into the driver's compartment from the outside.

46. Plaintiff inadvertently picked up CTA's issued water bottle and held it against her

neck for a second while she was in a stop and go traffic.

47. As a result of doing so, Plaintiff did not have any actual accident, nor was her conduct in contravention of excessive safety violations, reckless, willful or grossly negligent.

48. Based on the foregoing, the Respondent's termination of the Plaintiff was without any justification.

WHEREFORE, for the foregoing reasons, the Plaintiff, VICIKE JOHNSON, respectfully requests that ther court provide the following equitable and monetary relief:

a. Order the Defendant to reinstate Plaintiff to her employment;

b. Award front pay, back pay, future earnings and reimbursement for income and fringe benefits to the present with applicable statutory interest;

c. Award the costs of litigation including reasonable attorneys' fees and opinion witness fees and expenses;

d. Award judgment for compensatory damages;

e. Grant such other relief as the Court deems equitable and just.

**DEMAND FOR A TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in her action.

Respectfully submitted,

**VICKIE JOHNSON**

By: /s/ Paul O. Otubusin
One of Her Attorneys

Dated: December 20, 2019

Paul O. Otubusin, Esq.
ARDC No: 6205261
OTUBUSIN & ASSOCIATES, P.C.
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
E-mail: drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481

## CERTIFICATE OF SERVICE

I, Paul O. Otubusin, an attorney, certify that I caused a true and correct copy of the foregoing ***Plaintiff's Third Amended Complaint,*** to be served upon the below-named parties, electronically, by filing same with the Northern District of Illinois CM/ECF online system on December 20, 2019:

Douglas A. Henning, Esq.
V. Brette Bensinger, Esq.
Hinshaw & Culbertson LLP
151 North Franklin, Suite 2500
Chicago, IL 60606

**VICKIE JOHNSON**

By: /s/ Paul O. Otubusin
One of Her Attorneys

Dated: December 20, 2019

Paul O. Otubusin, Esq.
ARDC No: 6205261
OTUBUSIN & ASSOCIATES, P.C.
77 West Washington Street
Suite 1204
Chicago, Illinois 60602
E-mail: drotubusin@otubusinlaw.com
(312) 251-1480
(312) 251-1481