IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VICKIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19 C 4985 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vickie Johnson filed a two-count Third Amended Complaint ("TAC") against her former employer, the Chicago Transit Authority. Count I alleges that plaintiff's termination was discriminatory and in violation of the Americans with Disabilities Act ("ADA"), and Count II alleges a state law claim for breach of contract arising out of her termination. Defendant has moved to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). For the reasons stated below, defendant's motion is granted.

**BACKGROUND**

Plaintiff worked for defendant CTA as a Bus Operator (bus driver) from August 30, 2004, until July 19, 2018.[1] All of plaintiff's job performance evaluations during her employment

---

[1] For purposes of this motion to dismiss, all factual allegations in the Third Amended Complaint are presumed true, and all reasonable inferences are drawn in plaintiff's favor. *See* Sprint Spectrum L.P. v City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir. 2004).

were satisfactory. On February 7, 2018, plaintiff was diagnosed with an overactive bladder, The diagnosing physician stated that she should have frequent bathroom breaks at work. On February 19, 2018, plaintiff requested in writing that defendant accommodate her by allowing about five extra minutes for a bathroom break at the end of her route without a lateness penalty. Defendant instead offered to accommodate plaintiff by transferring her to a Bus Servicer position. Plaintiff declined the change in position because of its lower pay and negative change to her seniority. The TAC does not refer to any additional discussions about possible accommodations for plaintiff's diagnosis after that time. Plaintiff continued in her role as a Bus Operator for the remainder of her employment with defendant.

On July 13, 2018, an extremely hot day, plaintiff held a water bottle against her neck while in stop-and-go traffic. Defendant provided the water bottle and encouraged its employees to stay hydrated during the hot weather. Plaintiff did not have an accident while holding the water bottle. That same day, defendant received a complaint about plaintiff holding the water bottle. On July 19, 2018, defendant informed plaintiff that she had violated safety standards and was being taken out of service. Defendant terminated plaintiff's employment on August 8, 2018.

Plaintiff timely filed charges with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue. Plaintiff timely filed her civil action in this court.

## **DISCUSSION**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Sprint Spectrum L.P. v City of Carmel, Indiana, 361 F.3d 998, 1001 (7th Cir.

2004). The pleading must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." Id.

This standard demands that a complaint allege more than legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Count I alleges discrimination under the ADA. "To establish disability discrimination, a plaintiff must prove that, (1) she [has a disability] within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation, and (3) she suffered from an adverse employment action because of her disability." Hoppe v. Lewis University, 692 F.3d 833, 838-839 (7th Cir. 2012) (citing Nese v. Julian Nordic Const. Co., 405 F.3d 638, 641 (7th Cir. 2005)). The factual allegations in plaintiff's TAC, when presumed to be true, do not adequately support her claim for discrimination.

To state a claim under the ADA, plaintiff must allege that she has a disability within the meaning of the ADA. Id., at 838. The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102 (1)(A) (2018). Further, a major life activity can be general, including activities such as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking,

communicating, and working," 42 U.S.C. § 12102 (2)(A) (2018), or "the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." 42 U.S.C. § 12102 (2)(B) (2018).

Plaintiff's diagnosis of an overactive bladder clearly involves the operation of a major bodily function specifically included under the definition of a major life activity. Alternatively, it is likely that an overactive bladder could limit the major life activity of working, especially given her doctor's recommendation that she have frequent bathroom breaks. Based on the facts in the TAC, the court accepts that plaintiff has alleged that she has a disability. Further, because plaintiff remained in her position as Bus Operator for the remainder of her employment with defendant, the court can also reasonably infer that she was qualified to perform essential job functions.

Nevertheless, Count I of the TAC still fails to state a claim under the ADA. Plaintiff has not alleged sufficient facts to plausibly suggest that she suffered an adverse employment action because of her disability. The adverse employment action alleged is plaintiff's termination on August 8, 2018. Plaintiff has alleged no facts to tie her termination to her disability. Plaintiff informed defendant about her diagnosis on February 19, 2018, and requested the extra five minutes at the end of the line as an accommodation. Defendant offered an alternative type of accommodation, a transfer to a Bus Servicer position that would allow her to take frequent bathroom breaks throughout the day. She declined this offer and remained in her position as a Bus Operator for some five months. The TAC is silent about any further attempts to negotiate or discuss an agreeable accommodation. The only reasonable inference that can be drawn from the TAC is that plaintiff herself terminated this process or did not pursue it.

Plaintiff's termination occurred five months later, after defendant received a complaint that she had violated a safety rule. The TAC concludes, without support, that this complaint was a pretext for defendant to discriminate against plaintiff because of her disability. The facts plaintiff does include—that she held the water bottle against her neck while driving in stop-and-go traffic—show that defendant had a reason, completely independent of plaintiff's disability, for terminating her employment. Plaintiff offers no facts to rebut this reasoning. That defendant was simply aware of plaintiff's disability and subsequently took an adverse action against her does not imply the causal relationship required for recovery under the ADA. The court cannot plausibly infer from these facts that defendant terminated plaintiff because of her overactive bladder.

Consequently, the court concludes that the TAC does not plausibly allege a claim under the ADA. Despite sufficiently alleging that she has a disability and was qualified to perform essential job functions, plaintiff has failed to allege any factual support for her conclusion that her termination was because of her disability.

Defendant's motion to dismiss Count I is granted. Because Count I provides the only basis for federal jurisdiction, the court declines to exercise supplemental jurisdiction over the state law claim in Count II. 28 U.S.C. 1367(c)(3).

**ENTER: June 23, 2020**

_____
**Robert W. Gettleman
United States District Judge**